UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Plaintiff,

-against-

AARON GADSON,

              Defendant.

No. 08 Cr. 70 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant Aaron Gadson's ("Mr. Gadson") letter requesting early termination of his term of supervised release.[1] For the following reasons, Mr. Gadson's request is GRANTED.

    The Government notes in opposition to Mr. Gadson's request that Courts in this Circuit have routinely held that a "defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." United States v. Flores, No. 99 Cr. 1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). However, "exceptionally good behavior by [a] defendant" may serve to "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the [goals of 18 U.S.C. § 3553(a)]." United States v. Lussier, 104 F.3d 32, 37 (2d Cir.

---

[1] Because of the personal nature of Mr. Gadson's letter motion, it has been filed under seal. (See dkt. no. 196.)

1

1997). A review of the record reveals that Mr. Gadson has demonstrated such exceptional behavior. In Mr. Gadson's letter, he details the numerous commendable steps that he has taken to better himself during his term of supervised release. These accomplishments include getting involved in the entertainment and clothing business, publishing a motivational book on overcoming difficult circumstances, engaging in community service, and speaking about his experiences at juvenile facilities, schools, and colleges. Mr. Gadson's Probation Officer even took it upon himself to inform the Court that Mr. Gadson has maintained a spotless record on supervised release--he has incurred no violations, has been transparent with financial records, and has reestablished his parental responsibilities concerning his teenage daughter--and to emphasize his opinion that Mr. Gadon has received the maximum benefits of the supervised release program. In short, the record demonstrates that Mr. Gadson has gone above and beyond what has been required of him since he embarked on his five-year term of supervised release in October 2015.

Despite this excellent progress, Mr. Gadson's efforts to give back to the community and to build his business have been affected by his continuing term of supervised release. For example, while he has been able to speak to students about his journey, Mr. Gadson has been unable to speak at jails because of his probationary status. Similarly, he has often been passed over for work with

2

musical artists who need road managers because he needs permission to move and, until March 2019, could not participate in international travel without prior approval. As such, supervised release has "hampered" the many "laudable efforts" that Mr. Gadson seeks to engage in, a fact that counsels in favor of granting early termination. See United States v. Sam, No. 16 Cr. 184 (JGK), 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018).

Finally, Mr. Gadson has completed a substantial prison sentence and the vast majority of his five-year term of supervised release. As such, "the continued period of supervised release[] is unnecessary for deterrence of the reflect the seriousness of the offense." Id. (citing United States v. Chaar, No. 00 Cr. 217 (JGK), 2005 WL 1844773, at *1 (S.D.N.Y. Aug. 3, 2005)).

Accordingly, after a careful review the record and of Mr. Gadson's circumstances in light of the factors listed in 18 U.S.C. § 3553, the Court elects to grant early termination of Mr. Gadson's term of supervised release.

**SO ORDERED.**

Dated:   New York, New York
         April 1, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge